FILED
CHARLOTTE, NC

APR 1 6 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:15CR 87 -RJC |
|---|---|---|
| | ) | |
| | ) | **BILL OF INFORMATION** |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| | ) | 18 U.S.C. § 371 |
| | ) | |
| **MICHAEL F. EGAN III** | ) | |
| | ) | |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1. From in or about August 2007 through in or about February 2012, the defendant MICHAEL F. EGAN III, aided and abetted by others, executed a scheme to defraud victims through the use of investment and business contracts whereby EGAN fraudulently induced victims to invest money for business purposes. Instead of using the money as agreed upon, and repaying the investment, EGAN stole a majority of the investment money to fund his lifestyle.

2. As part of his scheme, EGAN entered into investment contracts whereby EGAN promised to invest the victims' funds in various projects and in exchange EGAN promised differing returns (hereinafter "Egan Investment Contracts"). These projects included, but were not limited to: Halloween themed attractions, holiday themed attractions, land development and investment deals, and television shows.

3. EGAN induced the victims to loan and investment money by making false and fraudulent misrepresentations, omitting material facts, and telling deceptive half-truths about his background. Such misrepresentations generally and at various times included the following:

    a. In order to establish his bona fides with investors, EGAN made false and misleading statements about his financial background and personal assets, for example;

        i. EGAN provided a fraudulent and forged brokerage account statement from Edward Jones claiming he had over $800,000 in assets, when in reality EGAN had little to no money in that account;

        ii. EGAN provided a fraudulent, forged, and altered brokerage account statement from Principal Financial Group claiming he had over $7,000,000 in assets, when in reality the statement and account belonged to his then father-in-law, and the

account details were altered to show it belonged to EGAN and balance was over $7,000,000 more than was actually present in the account;

    iii.    EGAN fraudulently induced an attorney to write letters to investors claiming EGAN possessed financial resources in excess of $7,000,000 and then $13,000,000, when in reality EGAN's bank accounts showed he had less than $11,000 to his name.

    b.    That EGAN was a close associate or employee of a well-known investment mogul, when in reality they had no relationship;

    c.    That EGAN was a close associate and friend of the CEO of a major bank, when in reality they had no relationship;

    d.    That EGAN owned a percentage of well-known hotels and casinos in Las Vegas, when in reality he had no ownership interest.

4.    Instead of using the victim's money as promised, EGAN used the vast majority of the money to fund his lifestyle to pay expenses such as rent, car lease, groceries, restaurants, medical bills, and pet care.

5.    In addition to diverting and misappropriating the investment money for personal expenses, EGAN did not pay back the majority of victims either their initial investment or the promised return.

## COUNT ONE
### (Conspiracy)

6.    Paragraphs 1 through 5 are realleged and incorporated by reference, and it is further alleged that:

7.    From in or about August 2007 through in or about February 2012, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**MICHAEL F. EGAN III,**

did knowingly conspire, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States, including violations of Title 18, United States Code, 1343 (wire fraud) and Title 15, United States Code, Sections 78j(b) and 78ff (Securities Fraud).

**Manner and Means**

8.    The defendant and other members carried out the conspiracy in the manner and means described in paragraphs 1 through 5 of this Bill of Information, among others.

## Overt Acts

9. In furtherance of the conspiracy, and to accomplish the objects thereof, the defendant and his co-conspirators committed one or more overt acts in the Western District of North Carolina and elsewhere.

All in violation of 18 U.S.C. § 371.

## **NOTICE OF FORFEITURE**

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of information; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

KEVIN ZOLOT
ASSISTANT UNITED STATES ATTORNEY